EL PUEBLO DE PUERTO RICO, apelado, *v.* JOSÉ VELAZCO BRACERO, acusado y apelante.

*Número:* CR-87-111          *Resuelto:* 12 de marzo de 1991

*Carmen Ana Rodríguez Maldonado* y *Enrique Rivera Mendoza,* abogados del apelante; *Norma Cotti Cruz, Procuradora General Interina,* y *Josefa A. Román García, Procuradora General Auxiliar,* abogadas de El Pueblo.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

El apelante, José Velazco Bracero, fue acusado y convicto por violación al Art. 404 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2404. Inconforme apela ante este Tribunal y sostiene que se cometió error de derecho al no suprimirse la evidencia ocupada en un arresto efectuado por los policías del Hospital de la Administración de Veteranos (en adelante Hospital de Veteranos). Este recurso nos permite interpretar el término "funcionario del orden público" de la Regla 11 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y determinar si un policía de la Administración de Veteranos (en adelante Veteranos) está autorizado a efectuar un arresto cuando tiene motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito en su presencia. Confirmamos.

I

La exposición narrativa de la prueba refleja que para la fecha en que ocurrieron los hechos que originaron la acusación contra el apelante, el Sr. Roberto Alonso Vázquez trabajaba como policía de Veteranos adscrito al hospital operado en Puerto Rico por esa agencia del Gobierno de Estados Unidos.[1] Su trabajo consistía en custodiar la entrada principal del hospital para evitar la introducción de armas, bebidas alcohólicas o sustancias controladas. En conformidad con las reglas institucionales, toda persona que quisiera entrar al hospital tenía que someterse a un registro.

El 15 de febrero de 1987 el apelante se personó al Hospital de Veteranos. Como pretendía entrar al edificio, se

---

[1] Véase 38 U.S.C. sec. 218(b)(1)(A).

sometió voluntariamente al registro y le entregó al policía de Veteranos una cartera de mano. Éste la abrió y notó que en su interior había dos (2) cajetillas de cigarrillos, una grande y una pequeña. Abrió la grande y comprobó que contenía seis (6) o siete (7) cigarrillos. La pequeña tenía la tapa bastante desgastada y "a simple vista se veía una envoltura plástica con picadura". E.N.P. pág. 2. (2) Cuando el policía se disponía a abrir la cajetilla pequeña, el apelante la cogió y se la echó en el bolsillo de su pantalón y comenzó a retirarse.

Entonces, sospechando una conducta delictiva, el guardia puso bajo custodia al apelante, lo registró y encontró en el bolsillo trasero de su pantalón un cono de color blanco que contenía lo que parecía ser picadura de marihuana. También encontró en la cartera de mano un envase negro que contenía el mismo tipo de sustancia. En ese momento el guardia le hizo las advertencias al apelante, lo arrestó y llamó a la Policía estatal. Poco tiempo después, la Policía estatal acudió al lugar y se llevó al apelante junto con la evidencia ocupada. En la División de Drogas de San Juan, el policía Víctor M. Vázquez le hizo la prueba de campo a la evidencia ocupada y ésta dio positivo a marihuana. Oportunamente fue acusado por infracción al Art. 404 de la Ley de Sustancias Controladas de Puerto Rico, *supra*, en grado reincidente.

Posteriormente se celebró el juicio por tribunal de derecho y se encontró al apelante culpable por el delito imputado. Se le sentenció a cumplir cuatro (4) años de presidio. De esa sentencia apela ante este Foro. El apelante sostiene que el policía de Veteranos no es un funcionario del orden público y, por lo tanto, sus facultades para arrestar están limitadas por las disposiciones de la Regla 12 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, que autoriza el arresto por una persona particular.

---

(2) Esa declaración fue creída por el juzgador de los hechos y, en ausencia de pasión, prejuicio o parcialidad en la apreciación de la prueba, no intervendremos con su apreciación. *Pueblo v. Cabán Torres*, 117 D.P.R. 645, 654 (1986).

## II

■ Para garantizar la efectividad de la protección constitucional contra registros e incautaciones irrazonables, establecimos una presunción de invalidez de todo registro que se lleve a cabo sin una orden judicial. *Pueblo v. Malavé González*, 120 D.P.R. 468 (1988); *Pueblo v. Vázquez Méndez*, 117 D.P.R. 170, 175 (1986); *Pueblo v. Lebrón*, 108 D.P.R. 324, 329 (1979). Corresponde al Ministerio Público rebatir esta presunción mediante la presentación de la prueba sobre las circunstancias que justifican ese registro.

■ Como excepción al registro de orden judicial previa, se permite el registro incidental a un arresto efectuado al amparo del ordenamiento procesal. *Pueblo v. Zayas Fernández*, 120 D.P.R. 157 (1987); *Pueblo v. Del Río*, 113 D.P.R. 684 (1982); *Pueblo v. Acevedo Escobar*, 112 D.P.R. 770 (1982). Una de estas normas procesales es la Regla 11 de Procedimiento Criminal, *supra*, que prescribe las circunstancias en que un *funcionario del orden público* puede llevar a cabo un arresto:

> (a) Cuando tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito en su presencia. En este caso deberá hacerse el arresto inmediatamente o dentro de un término razonable después de la comisión del delito. De lo contrario el funcionario deberá solicitar que se expida una orden de arresto.
>
> (b) Cuando la persona arrestada hubiese cometido un delito grave (*felony*), aunque no en su presencia.
>
> (c) Cuando tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito grave (*felony*), independientemente de que dicho delito se hubiere cometido o no en realidad.

A su vez, la mencionada Regla 12 de Procedimiento Criminal autoriza a un ciudadano particular a efectuar un arresto en cualquiera de las circunstancias siguientes:

> (a) Por un delito cometido o que se hubiere intentado cometer en su presencia. En este caso deberá hacerse el arresto inmediatamente.

(b) Cuando en realidad se hubiere cometido un delito grave (*felony*) y dicha persona tuviere motivos fundados para creer que la persona arrestada lo cometió.

■ De estos preceptos se desprende que la facultad para arrestar que tiene un ciudadano particular es más limitada que la del funcionario del orden público. Mientras que la citada Regla 12 de Procedimiento Criminal requiere que un ciudadano tenga *certeza* de la comisión del delito o de su tentativa, la Regla 11, *supra*, autoriza a un funcionario del orden público a hacer un arresto cuando tiene motivos fundados para creer que la persona que va a ser arrestada ha delinquido en su presencia. Véase D. Nevares–Muñiz, *Sumario de derecho procesal penal puertorriqueño*, 3ra ed., Hato Rey, Ed. Inst. Desarrollo del Derecho, 1989, pág. 50.

En el caso de autos el Procurador General sostiene que el policía de Veteranos, Alonso Vázquez, tenía motivos fundados para creer que la picadura que el apelante llevaba en la cartera de mano era marihuana.[3] Su argumento requiere que examinemos si un policía de Veteranos es un funcionario del orden público en conformidad con la Regla 11 de Procedimiento Criminal, *supra*.

## III

La Regla 11 de Procedimiento Criminal, *supra*, proviene del Art. 116 del Código de Enjuiciamiento Criminal de Puerto Rico aprobado en 1902.[4] A su vez, esa disposición estaba fundada en la Sec. 836 del Código de Enjuiciamiento Criminal de

---

[3] Como es común en estos casos, sólo *después* de que se realizó la prueba de campo se pudo verificar que en realidad la sustancia era picadura de marihuana.

[4] "Artículo 116.—(836 Cal.) Un oficial de orden público puede hacer un arresto en cumplimiento de una orden que le haya sido entregada con tal fin, o puede, sin una orden de arresto, detener a una persona:

"1. Por un delito público cometido, o que se ha intentado cometer, en su presencia.

"2. Cuando la person arrestada ha cometido 'felony' (delito muy grave), aunque no haya sido en su presencia.

"3. Cuando en realidad se ha cometido 'felony' (delito muy grave), y él tiene motivos racionales para creer que la persona arrestada lo ha cometido.

"4. En virtud de denuncia fundada en motivos racionales, de la perpetración de un 'felony' (delito muy grave) por la persona arrestada.

California,[5] y en ambas se autorizaba a un oficial del orden público (*peace officer*) a efectuar un arresto en ciertas situaciones. Curiosamente, la edición de 1935 del Código de Enjuiciamiento Criminal de Puerto Rico y la traducción oficial de las Reglas de Procedimiento Criminal utilizan el concepto *peace officers* al referirse a los funcionarios con poder para efectuar arrestos al amparo de sus respectivas disposiciones.

Aunque el término "funcionario del orden público" se utiliza en varias disposiciones de las Reglas de Procedimiento Criminal,[6] ninguna incluye una definición de sus características. Sin embargo, en contraste con nuestro ordenamiento, el Código de Enjuiciamiento Criminal de California define quiénes son los "oficiales del orden público" e incluye a los comisarios (*sheriffs*) y policías del gobierno estatal, municipal o de cualquier ciudad o pueblo, alguaciles de los tribunales, y los investigadores del Ministerio Público. Cal. [Penal] Code Sec. 830.1 (West 1985). También por legislación especial se han considerado "oficiales del orden público" a ciertos funcionarios públicos desde la Policía de carreteras, los guardianes de los parques y reservas forestales, los inspectores de sanidad, los oficiales de custodia, los inspecto-

---

"5. Por la noche, cuando haya motivos racionales para creer que la persona arrestada ha cometido un 'felony' (delito muy grave)." Código de Enjuiciamiento Criminal de Puerto Rico, San Juan, Negociado de Materiales, pág. 97.

(5) "*Section 836*. ARRESTS BY PEACE OFFICERS. A peace officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person;

"1. For a *public offense* committed or attempted in, his presence.

"2. When a person *arrested has committed a felony*, although not in his presence.

"3. When a *felony has in fact been committed*, and he has reasonable cause for believing the person arrested to have committed it.

"4. On a *charge made, upon a reasonable cause*, of the commission of a felony by the party arrested.

"5. At *night*, when there is reasonable cause to believe that he has committed a felony." *Ker's Cyc. Codes of California Pend. Codes*, 2da ed., San Francisco, Bender-Moss Co., 1921, Vol. IV, Sec. 1–1052.

(6) Véanse: Reglas 4 (arresto), 6(b) (forma y requisitos de la orden); 7(a) (citación), 11 (arresto por funcionario del orden público), 14 (orden verbal para arresto), 17 (derecho a forzar entrada en arresto), 18 (salida a la fuerza), 19 (desarme del arrestado), 20 (transmisión de la orden de arresto), 22 (procedimiento ante magistrado), 229 (orden de registro), 236 (diligenciamiento de la citación de testigos), 251 (disposición de la propiedad robada) y 252.2 (identificación por fotografía) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

res de drogas y alimentos, y los empleados federales a cargo de la custodia y vigilancia de propiedad del Gobierno de Estados Unidos. Véase Cal. [Penal] Code Secs. 830.2–831.6 (West 1985).

El elemento común de todas estas acepciones ha sido la función de mantener el orden público y la seguridad en el estado de California. En las jurisdicciones con ordenamientos procesales análogos que estén apoyados en la experiencia de California, es lógico que también se utilice el término "oficiales del orden público" para describir a los funcionarios que tenían a su cargo el mantenimiento del orden público. Consciente del origen del término y su utilización por otras jurisdicciones, el profesor Frattallone Di Gangi examinó su aplicación desde el siglo pasado y concluyó:

> En vista de ello, debe concluirse que en cualquier sistema de justicia criminal que participe de la misma tradición jurídica angloamericana, aunque sea por adopción parcial . . . el "peace officer" no puede ser otro que "el *funcionario que por ley tiene la encomienda de mantener la paz* . . .". N. Frattallone Di Gangi, *Quiénes son los funcionarios del orden público bajo las Reglas del Procedimiento Criminal*, Año XXII (Núm. 86) Rev. Der. Pur. 153, 156 (1982–1983).

En ausencia de una definición del término en nuestro ordenamiento procesal, y en vista de que nuestro estatuto está fundamentado en el de California, la interpretación de éste tiene valor persuasivo en esta jurisdicción siempre que se ajuste a las realidades del país. *Peña Clos v. Cartagena Ortiz*, 114 D.P.R. 576, 578 (1983). Véanse, también: *Nieves v. Jones, Jefe Interino Penitenciaría*, 72 D.P.R. 287 (1951); *Jiménez v. Jones*, 74 D.P.R. 260 (1953); *Pueblo v. Robles*, 10 D.P.R. 496 (1906).

En el caso particular de Puerto Rico, desde 1902 nuestro ordenamiento también adoptó la figura "oficial del orden público" de la tradición del estado de California para describir a aquel funcionario a cargo del mantenimiento del orden y la seguridad pública.

Al aprobarse las Reglas de Procedimiento Criminal, se continuó con esta tradición y se utilizó el vocablo "funcionario" que

"recoge, sintetiza y representa a todos sus predecesores del 1935 (oficial del orden público, agente de orden público, agente de justicia, oficial encargado del mantenimiento de la paz)". Frattallone Di Gangi, *supra*, págs. 158–159.

■ Conforme a las circunstancias particulares del país y las instituciones creadas para garantizar la seguridad interna, siempre se ha considerado que los miembros de la Policía de Puerto Rico son oficiales o funcionarios del orden público. Ellos son los que tienen la obligación principal de "proteger a las personas y a la propiedad" y "mantener y conservar el orden público" en todo el país. Ley de la Policía de Puerto Rico de 1974 (25 L.P.R.A. sec. 1001 *et seq.*)

■ Sin embargo, la Asamblea Legislativa también ha creado otros cuerpos policiales con el propósito de proveer seguridad en sectores que, por su naturaleza, requieren una vigilancia particularizada. Mediante leyes especiales se ha otorgado a esos funcionarios, *bajo las circunstancias descritas en cada uno de los estatutos, autoridad para efectuar arrestos en el desempeño de sus funciones.* Entre estos cuerpos policiales se encuentran los guardias municipales, 21 L.P.R.A. sec. 1063; los agentes investigadores del Negociado de Investigaciones Especiales del Departamento de Justicia, 3 L.P.R.A. sec. 138d; los oficiales de custodia de la Administración de Corrección, 4 L.P.R.A. sec. 1126; el Secretario de Salud, inspectores médicos y oficiales de salud a cargo de implantar la Ley de Sanidad, 3 L.P.R.A. sec. 186; el cuerpo de vigilantes del Departamento de Recursos Naturales, 12 L.P.R.A. sec. 1205; el Director Ejecutivo de la Autoridad de los Puertos y cualquier empleado de la Autoridad de los Puertos designado por aquél para vigilar los aeropuertos, 23 L.P.R.A. sec. 465.

## IV

■ El Congreso de Estados Unidos también ha creado unos cuerpos policiales de carácter limitado para proveer seguridad en

sus dependencias localizadas en varios estados y en Puerto Rico. En el caso particular de Veteranos, se autoriza al Administrador a promulgar los reglamentos que sean necesarios para mantener el orden en sus propiedades. Véase 38 U.S.C. sec. 218. También se le concedió facultad de nombrar policías con poder para efectuar arrestos en las propiedades de Veteranos por infracciones a las leyes federales y a los reglamentos aplicables. Véase 38 U.S.C. sec. 218(b)(1)(C). La ley no restringe el tipo de conducta susceptible de arresto por estos policías.

■  Entre sus deberes, ellos tienen la obligación de evitar que una persona introduzca sustancias controladas a las facilidades de Veteranos.(7) En el desempeño de estas funciones, los policías de Veteranos pueden descubrir la comisión de un acto delictivo en una propiedad de Veteranos prohibido por las leyes federales y por el Código Penal de Puerto Rico o por una ley especial. En estos casos la legislación federal expresamente los autoriza a efectuar arrestos dentro de la propiedad federal y a recurrir a la Policía estatal para encausar al delincuente cuando convenga al interés público. 38 U.S.C. sec. 218(e).

■  Considerando la naturaleza particular de sus obligaciones de proveer seguridad en las dependencias de Veteranos, los policías de esta entidad tienen los atributos y las responsabilida-

---

(7) Sobre las actividades ilícitas que los guardias de seguridad de la Administración de Veteranos pueden intervenir, el Código de Reglamentos Federales dispone:

"(a) *Authority and rules of conduct.* Pursuant to 38 U.S.C. 218, the following rules and regulations apply at all property under the charge and control of the VA (and not under the charge and control of the General Services Administration) and to all persons entering in or on such property. The head of the facility is charged with the responsibility for the enforcement of these rules and regulations and shall cause these rules and regulations to be posted in a conspicuous place on the property.

"(7) *Alcoholic beverages and narcotics.* . . . The introduction or possession of alcoholic beverages or any narcotic drug, hallucinogen, marijuana, barbiturate, and amphetamine on property is prohibited, except for liquor or drugs prescribed for use by medical authority for medical purposes. . . .

"(13) *Weapons and explosives.* No person while on property shall carry firearms, other dangerous or deadly weapons, or explosives, either openly or concealed, except for official purposes." 38 C.F.R. sec. 1.218 (1990).

des de funcionarios del orden público, con las limitaciones descritas en la ley federal aplicable. Por ende, en nuestra jurisdicción, cuando estos oficiales están en el desempeño de sus responsabilidades y actúan conforme a las limitaciones impuestas por la ley de Veteranos, tienen la autoridad para efectuar arrestos al amparo de la citada Regla 11 de Procedimiento Criminal *cuando la actividad viola una ley federal que también es punible bajo nuestro ordenamiento*. Una vez se lleve a cabo el arresto y se hagan las advertencias correspondientes, procede que estos policías especiales coordinen con las autoridades federales y estatales para que el sospechoso sea oportunamente conducido ante un juez o un magistrado federal, según el tipo de delito cometido.

En el caso de autos, el señor Alonso Vázquez es un empleado de Veteranos que se desempeña como policía y tiene a su cargo la vigilancia de la entrada principal del hospital. Se trata de un agente federal a cargo del orden y la seguridad en los terrenos de Veteranos, quien recibió un adiestramiento especial sobre técnicas investigativas y arrestos y está autorizado por legislación federal (38 U.S.C.A. 218(b)(2)(C)) y estatal (25 L.P.R.A. sec. 430(b)10) a portar armas. En el desempeño de esa responsabilidad, actúa como funcionario del orden público de carácter limitado y tiene el poder para efectuar arrestos por actos ocurridos en las propiedades de esa dependencia. Por ser un funcionario del orden público de carácter limitado, y no un ciudadano particular, Alonso Vázquez tiene la obligación de garantizarle a los ciudadanos la protección constitucional contra registros e incautaciones irrazonables y el derecho a no incriminarse.

## V

De la exposición narrativa de los hechos surge que el apelante, al entrar al Hospital de Veteranos, se sometió voluntariamente a una inspección administrativa requerida en una institución gubernamental donde existe el apremiante interés de establecer medi-

das de seguridad. Véase W.R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment*, Minnesota, Ed. West Publishing Co., 1987, Sec. 10.7(a), págs. 37–42. Con estos propósitos, el Hospital de Veteranos instaló un puesto o estación de inspección en donde policías de la dependencia registran a todas las personas que desean entrar a las facilidades. Como parte de su inspección, los policías registran los maletines, bolsas y otras pertenencias de las personas.

El día en que ocurrieron los hechos el apelante fue al hospital y, con el propósito de entrar, se sometió al registro correspondiente por los policías que estaban en el puesto de inspección de la entrada. El apelante voluntariamente le entregó al policía la cartera de mano para que éste hiciera el registro rutinario para verificar si tenía alguna sustancia controlada, bebidas alcohólicas, armas de fuego u otros productos prohibidos por las leyes federales y estatales. Luego de abrir la bolsa para verificar su contenido, el policía observó a simple vista que dentro de la cajetilla pequeña de cigarrillos había picadura que parecía de marihuana. Al policía proseguir con la investigación rutinaria, el apelante le quitó la cajetilla y se retiró súbitamente del lugar.

Su entrenamiento especial y su experiencia previa en esa delicada función investigativa lo convencieron de que la actuación del apelante, al momento de descubrirse la cajetilla pequeña de picadura, era indicativa de que éste trataba de introducir una sustancia controlada al edificio. Por tales razones, al amparo del poder de arresto conferido por las leyes federales aplicables y por la Regla 11 de Procedimiento Criminal, *supra*, el policía procedió a arrestar inmediatamente al apelante. Incidentalmente a ese arresto, registró al apelante para evitar la destrucción de la evidencia delictiva y para investigar si tenía un arma. Como consecuencia de ese registro se ocupó la picadura que resultó ser de marihuana.

Oportunamente, al amparo del estatuto federal, y considerando que el apelante cometió una infracción a la Ley de Sustancias Controladas de Puerto Rico, la Policía de Veteranos

coordinó con el Gobierno de Puerto Rico para que se le acusara en nuestra jurisdicción.

En estas circunstancias, resolvemos que el arresto efectuado por el policía de Veteranos fue legal y que el registro incidental del apelante fue válido. El error señalado no fue cometido.

Por los fundamentos expuestos, *se confirmará la sentencia apelada.*

El Juez Asociado Señor Rebollo López emitió voto concurrente. La Juez Asociada Señora Naveira de Rodón emitió opinión disidente.

—O—

Opinión disidente emitida por la Juez Asociada Señora Naveira de Rodón.

I

A los propósitos de esta opinión, los hechos están correctamente expuestos en la Parte I de la opinión mayoritaria, por lo cual nos referimos a lo allí narrado.

En el día de hoy la mayoría de este Tribunal ha confirmado la sentencia de instancia al resolver "que el arresto efectuado por el policía de Veteranos fue legal y que el registro incidental del apelante fue válido". Opinión mayoritaria, pág. 193. Fundamenta su determinación en la conclusión de que el Sr. Roberto Alonso Vázquez, "policía" de la Administración de Veteranos (Veteranos), en el desempeño de sus funciones actúa como un "funcionario del orden público de carácter limitado" y no como un ciudadano particular, por lo que puede actuar de acuerdo con las disposiciones de nuestra Regla 11 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Disentimos.

## II

El análisis de la mayoría gira en torno a las disposiciones de 38 U.S.C. sec. 218.(1) A pesar de que ubica correctamente el estatuto aplicable, el análisis mayoritario es incorrecto. Veamos.

---

(1)   38 U.S.C. sec. 218, según enmendado, establece lo siguiente:

*"Sec. 218. Security and law enforcement on property under the jurisdiction of the Veterans' Administration*

"(a)(1) The Administrator shall prescribe regulations to provide for the maintenance of law and order and the protection of persons and property on land and in buildings under the jurisdiction of the Veterans' Administration and not under the control of the Administrator of General Services (hereinafter in this section referred to as 'Veterans' Administration property').

"(2) Such regulations shall include—

"(A) rules for conduct on Veterans' Administration property; and

" (B) the penalties, within the limits specified in paragraph (3) of this subsection, for violations of such rules.

"(3) Whoever violates any rule prescribed under paragraph (2)(A) of this subsection shall be fined not more than $500 or imprisoned not more than six months (or such lesser amount or period of time as the Administrator prescribes in the regulations prescribed under this subsection), or both.

"(4) The rules prescribed under clause (A) of paragraph (2) of this subsection, together with the penalties for violations of such rules, shall be posted conspicuously on property to which they apply.

"(5) The Administrator shall consult with the Attorney General before prescribing regulations under this subsection.

"(b)(1)(A) Veterans' Administration employees who are Veterans' Administration police officers shall, with respect to acts occurring on Veterans' Administration property, enforce—

"(i) Federal laws;

"(ii) the rules prescribed under subsection $(a)(2)(A)$ of this section; and

"(iii) subject to subparagraph (B) of this paragraph, traffic and motor vehicle laws of a State or local government within the jurisdiction of which such Veterans' Administration property is located.

"(B) A law described in clause (iii) of subparagraph (A) of this paragraph may be enforced under such clause only as authorized by an express grant of authority under applicable State or local law. Any such enforcement shall be by the issuance of a citation for violation of such law.

"(C) Subject to regulations prescribed under paragraph (2) of this subsection, a Veterans' Administration police officer may make arrests on Veterans' Administration property for a violation of a Federal law or any rule prescribed under subsection (a)(2)(A) of this section.

"(2) The Administrator shall prescribe regulations with respect to Veterans' Administration police officers. Such regulations shall include—

"(A) policies with respect to the exercise by Veterans' Administration police officers of the enforcement and arrest authorities provided by paragraph (1) of this subsection;

"(B) the scope and duration of training that is required for Veterans' Administration police officers, with particular emphasis on dealing with situations involving patients; and

"(C) rules limiting the carrying and use of weapons by Veterans' Administration police officers.

La sec. 218(b)(1)(C), 38 U.S.C., es la que faculta a los "policías" de Veteranos a efectuar arrestos. Escuetamente señala que, sujeto a la reglamentación establecida por el Administrador de Veteranos, los "policías" de dicha administración pueden efectuar arrestos dentro de la propiedad de esa agencia por violación a las leyes federales o a la reglamentación aplicable de la propia administración. 38 U.S.C. sec. 218(b)(1)(C).

Antes de ser enmendada en 1984, 38 U.S.C. sec. 218 (ed. 1979) establecía, en lo pertinente a la facultad de los "policías" de Veteranos para efectuar arrestos, lo siguiente:

---

"(3) The Administrator shall consult with the Attorney General before prescribing regulations under clause (A) of paragraph (2) of this subsection.

"(4) Rates of basic pay for Veterans' Administration police officers may be increased by the Administrator under section 4107(g) of this title.

"(c)(1) The Administrator may pay an allowance under this subsection for the purchase of uniforms to any Veterans' Administration police officer who is required to wear a prescribed uniform in the performance of official duties.

"(2) The amount of the allowance that the Administrator may pay under this subsection—

"(A) may be based on estimated average costs or actual costs;

"(B) may vary by geographic regions; and

"(C) except as provided in paragraph (3) of this paragraph, may not exceed $200 in a fiscal year for any police officer.

"(3)(A) The amount of an allowance under this subsection may be increased to an amount up to $400 for not more than one fiscal year in the case of any Veterans' Administration police officer. In the case of a person who is appointed as a Veterans' Administration police officer on or after the date on which the Administrator initially exercises the authority granted by this paragraph, an allowance in an amount established under this paragraph shall be paid at the beginning of such person's employment as such an officer. In the case of any other Veterans' Administration police officer, an allowance in an amount established under this paragraph shall be paid upon the request of the officer.

"(B) A police officer who resigns as a police officer less than one year after receiving an allowance in an amount established under this paragraph shall repay to the Veterans' Administration a pro rata share of the amount paid, based on the number of months the officer was actually employed as an officer during the twelve-month period following the date on which such officer began such employment or the date on which the officer submitted a request for such allowance, as the case may be.

"(4) An allowance may not be paid to a Veterans' Administration police officer under this subsection and under section 5901 of title 5 for the same fiscal year.

"(d) The Administrator shall furnish Veterans' Administration police officers with such weapons and related equipment as the Administrator determines to be necessary and appropriate.

"(e) With the permission of the head of the agency concerned, the Administrator may use the facilities and services of Federal, State, and local law enforcement agencies when it is economical and in the public interest to do so."

*Sec. 218. Standards of conduct and arrests for crimes at hospitals, domiciliaries, cementeries, and other Veterans' Administration reservations.*

. . . . . . . .

(3) empower officers or employees of the Veterans' Administration who have been duly authorized to perform investigative functions to act as special investigators and to carry firearms, whether on Federal property or in travel status. Such special investigators shall have, while on real property under the charge and control of the Veterans' Administration, the power to enforce Federal laws for the protection of persons and property and the power to enforce rules and regulations issued under subsection (a)(1) of this section. *Any such special investigator may make an arrest with or without a warrant for any offense committed upon such property in his presence or if he has reasonable ground to believe (A) the offense constitutes a felony under the laws of the United States, and (B) that the person to be arrested is guilty of that offense.* (Énfasis suplido.)

El inciso antes citado tenía un lenguaje similar al de nuestra Regla 12 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, en lo que a la capacidad para arrestar se refiere.[2]

El lenguaje de 38 U.S.C. sec. 218 fue enmendado, pero no con el propósito de concederle una mayor facultad de arresto a los "investigadores" de Veteranos. Las enmiendas aprobadas tenían otros fines. En el caso particular del inciso (a)(3) de dicha sección, según surge del historial legislativo, la razón de la enmienda fue la siguiente:

Subsection (a)(3) also refers to the authority of police officers to make arrests. As presently written, this subsection authorizes arrests for offenses committed in the "presence" of a "special investigator". However, if the offense is not committed in the

---

[2] Nuestra Regla 12 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone lo siguiente:

*"REGLA 12. ARRESTO POR PERSONA PARTICULAR*

"Una persona particular podrá arrestar a otra:

"(a) Por un delito cometido o que se hubiere intentado cometer en su presencia. En este caso deberá hacerse el arresto inmediatamente.

"(b) Cuando en realidad se hubiere cometido un delito grave (*felony*) y dicha persona tuviere motivos fundados para creer que la persona arrestada lo cometió."

"special investigator's" presence, an arrest may be made only if the offense constitutes a felony and if the arresting officer reasonably believes the person to be guilty of the violation. The latter condition, reasonable belief that a person to be arrested is guilty of an offense, is actually a prerequisite to all arrests under the Constitution of the United States, although it is not identically stated. The committee believes that VA police officers, like any other police officers, are bound by the standards set forth in the Constitution as to what constitutes probable cause to make an arrest. *The committee, therefore, believes this language is unnecessary.* (Énfasis suplido.) 1984 U.S. Code Cong. & Admin. News 4382, 4386.

De la lectura del historial legislativo se desprende que la razón para enmendar la redacción de 38 U.S.C. sec. 218(a)(3) fue el hecho de que lo allí expuesto se entendió innecesario debido a que se reconoció que los policías de Veteranos, por ser empleados de una agencia gubernamental, vienen obligados a salvaguardar en materia de arrestos los derechos constitucionales de las personas con quienes intervengan. La enmienda no tuvo el propósito de ampliar la capacidad de actuación de estos policías al momento de arrestar.

Es ésta la única diferencia de dicha disposición con nuestra Regla 12 de Procedimiento Criminal, *supra.*[3] La discutida sec. 218, 38 U.S.C., según enmendada en su totalidad, establece específicamente los límites de la autoridad de los policías de Veteranos. Su autoridad para arrestar surge de esta disposición y a ella habrá de acudirse para determinar si la actuación de estos policías fue correcta o no.

En 38 U.S.C. sec. 218 (b)(1)(A) se establece que los policías de Veteranos pueden actuar para hacer cumplir las leyes federales, las reglas de conducta a seguir dentro de las propiedades de Veteranos y las leyes de vehículos y tránsito de un estado o gobierno local dentro de cuya jurisdicción se encuentre localizada la propiedad de Veteranos. En este último caso sólo podrán actuar

---

[3] No es necesario que consideremos en este momento si al efectuar un arresto un ciudadano particular viene obligado a salvaguardar los derechos constitucionales, si algunos, del individuo arrestado ni qué efecto tendría el que no lo hiciese sobre cualquier procedimiento realizado posteriormente por el Estado.

mediante autorización expresa concedida por una ley local o estatal. 38 U.S.C. sec. 218(b)(1)(B). Para cumplir con esta función se les otorgó poder para arrestar exclusivamente bajo las circunstancias siguientes: mientras se hallen en la propiedad de Veteranos, por la violación de una ley federal o de cualquier regla de conducta a seguir dentro de la propiedad de Veteranos. 38 U.S.C. sec. 218(b)(1)(C). Cuando se trate de la violación de las leyes locales o estatales de vehículos y tránsito, sólo podrán expedir citaciones, no arrestar. 38 U.S.C. sec. 218(b)(1)(B).

En el caso de autos, el apelante fue arrestado por poseer sustancias controladas e intentar entrar con ellas al Hospital de Veteranos. Una vez arrestado, el policía de Veteranos lo entregó a la Policía estatal.(4) Posteriormente, fue acusado por violación al Art. 404 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2404. El arresto efectuado por el policía del hospital fue por violación al reglamento promulgado por el Administrador de Veteranos, que prohíbe que se introduzca o se posea sustancias controladas (narcóticos) o alcohol en las propiedades bajo su administración. 38 C.F.R. sec. 1.218(a)(7) (1990).(5) La violación a

---

(4) Por no ser necesario para la discusión que nos ocupa, no entraremos a considerar el aspecto jurisdiccional territorial.

(5) Esta sección establece lo siguiente:

"Sec. 1.218—*Security and law enforcement at VA facilities*

"(a) *Authority and rules of conduct.* Pursuant to 38 U.S.C. 218, the following rules and regulations apply at all property under the charge and control of the VA (and not under the charge and control of the General Services Administration) and to all persons entering in or on such property. The head of the facility is charged with the responsibility for the enforcement of these rules and regulations and shall cause these rules and regulations to be posted in a conspicuous place on the property.

. . . . . . . .

"(7) *Alcoholic beverages and narcotics.* Operating a motor vehicle on property by a person under the influence of alcoholic beverages, narcotic drugs, hallucinogens, marijuana, barbiturates, or amphetamines is prohibited. Entering property under the influence of any narcotic drug, hallucinogen, marijuana, barbiturate, amphetamine, or alcoholic beverage (unless prescribed by a physician) is prohibited. . . . The introduction or possession of alcoholic beverages or any narcotic drug, hallucinogen, marijuana, barbiturate, and amphetamine on property is prohibited, except for liquor or drugs prescribed for use by medical authority for medical purposes. Provided such possession is consistent with the laws of the State in which the facility is located, liquor may be used and maintained in quarters assigned to employees as their normal abode, and away from the abode with the written consent of the head of the facility which specifies a special occasion for use and limits the area and period for the authorized use." 38 C.F.R. sec. 1.218(a)(7) (1990).

esta disposición constituye un delito menos grave punible con multa de quinientos dólares ($500). Además, un juez o magistrado de la Corte de Distrito de Estados Unidos podría imponer un término de prisión que no excederá de seis (6) meses. 38 C.F.R. sec. 1.218(b)(18) (1990).

Posteriormente, debido a que el delito imputado también es punible bajo nuestro ordenamiento, el acusado apelante fue entregado, junto con la evidencia ocupada, a la Policía estatal para que fuera procesado en nuestra jurisdicción.(6)

Para sostener la validez de un arresto así efectuado, el policía debe actuar en conformidad con el estatuto que le dio la autoridad para arrestar. Según el estatuto federal, el policía de Veteranos venía obligado a salvaguardar los derechos constitucionales del acusado. Dicho estatuto le confiere rango de funcionario del orden público con carácter limitado a las actuaciones allí prescritas. En situaciones como la de autos, puede arrestar cuando un delito de los allí especificados se ha *cometido* en su presencia. A pesar de ser funcionario del orden público para efectos de su actuación como policía de Veteranos, las circunstancias en que puede arrestar son más restringidas que las permitidas a otros funcionarios federales del orden público.

De acuerdo con los hechos del caso de autos, según relatados en la opinión mayoritaria, el policía de Veteranos arrestó ilegalmente al acusado apelante. Actuó movido por lo que él mismo calificó de una conducta "sospechosa" por parte del acusado. Debido a esto lo detuvo, lo registró a la fuerza y, luego de haberlo registrado según su propia declaración, procedió a ponerlo bajo arresto y a hacerle las advertencias de rigor. Al así actuar, incumplió con los requisitos exigidos por el estatuto que lo facultó para arrestar. 38 U.S.C. sec. 218(b)(1)(C). Estamos entonces ante un registro ilegal, por lo que la evidencia incautada no puede utilizarse en el proceso contra el acusado.

---

(6)  En nuestra jurisdicción fue acusado de infringir las disposiciones del Art. 404 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2404, lo cual constituye delito grave.

## III

Concluido lo anterior, y aun cuando hubiésemos concluido lo contrario, no es permisible resolver que los policías de Veteranos son funcionarios del orden público para efectos de nuestra Regla 11 de Procedimiento Criminal, *supra*. Nos explicamos.

Atribuirle a estos policías la capacidad de funcionarios del orden público según nuestra Regla 11 de Procedimiento Criminal, *supra*, es concederle una facultad expresamente vedada por el estatuto federal que les dio autoridad para arrestar. La sec. 218(b)(1)(A), (B) y (C), 38 U.S.C., dispone que los policías de Veteranos pueden poner en vigor únicamente leyes federales o reglamentos promulgados por el Administrador de Veteranos de acuerdo con los poderes que se le han delegado. Como ya hemos indicado, sólo pueden poner en vigor, mientras se hallen en su jurisdicción, leyes estatales o locales referentes a vehículos y tránsito. En este caso podrán actuar únicamente mediante autorización expresa concedida por una ley local o estatal. Su autoridad para arrestar se limita exclusivamente a aquellos casos en que se haya violado una ley federal o un reglamento de Veteranos. En casos de violación a las leyes de vehículos y tránsito, una vez autorizados a actuar sólo pueden expedir citaciones, pero no arrestar. No tienen facultad para arrestar como funcionarios federales cuando se haya violado alguna otra ley estatal o local.

La mayoría de este Tribunal, por fíat judicial, ha extendido la capacidad de los policías de Veteranos para actuar en situaciones que la propia ley federal ha excluido. Dentro de nuestra jurisdicción, y para propósitos de nuestras leyes, los policías de Veteranos sólo pueden arrestar como personas particulares. Regla 12 de Procedimiento Criminal, *supra*. No tenemos facultad para extenderles un reconocimiento de funcionarios del orden público y permitirles actuar como tales en nuestra jurisdicción.

Si se planteara que el Sr. Roberto Alonso Vázquez actuó como persona particular al arrestar al acusado apelante, sería claro que incumplió con los requisitos de nuestra Regla 12 de Procedimiento Criminal, *supra*, por lo que estaríamos ante un arresto ilegal.

Por todo lo antes expuesto, procede revocar la sentencia apelada.

—O—

Voto concurrente emitido por el Juez Asociado Señor Rebollo López.

Entendemos que es *innecesaria y errónea* la conclusión a la que llega el Tribunal en la opinión mayoritaria emitida a los efectos de que el "guardián-empleado" de la Administración Federal de Veteranos es, o cualifica como, el "funcionario del orden público" a que se refiere las disposiciones de la Regla 11 de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

Dados los *hechos particulares* del caso, somos del criterio que ello era un asunto que *resultaba innecesario* considerar y resolver; *razón por la cual el pronunciamiento que a esos efectos contiene la opinión mayoritaria emitida técnicamente tiene las características de "obiter dictum".*

Ello no obstante, *concurrimos con el resultado* al que se llega en la opinión mayoritaria emitida, en vista de que el registro realizado en el presente caso por el referido "guardián-empleado" de la Administración Federal de Veteranos fue uno *consentido* por el apelante y por el fundamento de que la ley federal que crea el mencionado cargo *faculta expresamente* a dichos empleados a arrestar personas dentro de las facilidades y dependencias del hospital, que en nuestra jurisdicción opera la referida Administración Federal de Veteranos, por actos delictivos en que éstas incurren en violación tanto de leyes federales como locales.

En nuestro criterio, la opinión mayoritaria emitida es un ejemplo más de la creación, y aplicación innecesaria, de una norma de derecho —"pre pensada y enlatada"— a unos hechos que no "justifican" el establecimiento de la norma promulgada.