EL PUEBLO DE PUERTO RICO, peticionario, *v.* HAMILTON CRUZ CALDERÓN, acusado y recurrido.

*Número:* CC-2001-393 *Resuelto:* 16 de enero de 2002

*Roberto J. Sánchez Ramos, procurador general,* y *Yasmín Cháves Dávila, procuradora general auxiliar,* abogados de la parte peticionaria; *Cándida Valdespino Zapata,* abogada del recurrido.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El día 26 de agosto de 2000, el guardia municipal Luis A. Lugo Vázquez se encontraba realizando una ronda preventiva, *a pie y vestido de civil,* en el residencial Catañito Garden, Municipio de Carolina. Al éste pasar frente al Edificio 4, Apartamento D–10 del referido complejo de vivienda, el aquí recurrido, Hamilton Cruz Calderón, salió de dicho apartamento y alegadamente le ofreció al mencionado guardia la sustancia controlada conocida como cocaína.

Lugo Vázquez "aceptó" la oferta de droga, por lo que, acto seguido, Cruz Calderón alegadamente sacó del bolsillo

de su pantalón una bolsa grande transparente que contenía varias envolturas de papel de aluminio, y otras bolsas pequeñas con polvo blanco, en su interior.

Luego de que Cruz Calderón le hizo entrega de una de las bolsas transparentes al guardia municipal, éste se identificó como policía. Como consecuencia de ello, Cruz Calderón emprendió carrera hacia el balcón del antes mencionado apartamento, lugar donde fue alcanzado por el guardia. Luego de un forcejeo entre ellos, Lugo Vázquez procedió a arrestar a Cruz Calderón. Mientras dicho incidente ocurría, la evidencia alegadamente cayó al suelo, por lo que, luego del arresto, el guardia Lugo Vázquez procedió a ocuparla. La misma consistía de dos (2) envolturas plásticas con cocaína, seis (6) envolturas de papel de aluminio con cocaína y treinta y cinco dólares ($35) en efectivo.

Por estos hechos, el Ministerio Público presentó una denuncia contra el aquí recurrido, Hamilton Cruz Calderón, por infracción al Art. 401 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2401, ante la Sala de Carolina del Tribunal de Primera Instancia; esto es, se le imputó posesión con intención de distribuir la sustancia controlada conocida como "cocaína" sin autorización legal para ello. Tras la celebración de la vista preliminar, en la cual se determinó causa probable para acusar, se presentó la correspondiente acusación, quedando el juicio señalado para el 18 de enero de 2001.

La defensa presentó oportuna moción de supresión de la evidencia incautada por el policía municipal Lugo Vázquez. En la misma, se adujo que el arresto sin orden de Cruz Calderón había sido ilegal. En la vista señalada a esos efectos por el tribunal de instancia, declaró bajo juramento el guardia municipal Lugo Vázquez. Este declaró, a preguntas de la fiscalía, *que el día del arresto estaba vestido de civil y que se encontraba efectuando una ronda preventiva por el área del mencionado residencial, ello debido a la alta incidencia de escalamientos en el sector.* Que fue

precisamente mientras realizaba dicha ronda cuando coincidió con el acusado Cruz Calderón. Señaló, además, que realizaba dicha ronda preventiva sin llevar puesto el uniforme oficial; esto con el propósito de no ser identificado.

Concluida la vista, el Tribunal de Primera Instancia *denegó* la solicitud de supresión de evidencia. Conforme surge de la resolución emitida a esos efectos, el tribunal determinó que había motivo fundado para la intervención de Lugo Vázquez con el acusado. Dicho foro le adjudicó entera credibilidad a los hechos narrados por el policía municipal y descartó la posibilidad de que el testimonio de Lugo Vázquez hubiera sido uno estereotipado. En vista de lo anterior, ordenó la continuación de los procedimientos en contra de Cruz Calderón.

A raíz de dicha determinación, Cruz Calderón acudió —vía recurso de *certiorari*— ante el Tribunal de Circuito de Apelaciones. En dicho escrito se señaló que el foro primario había incidido al denegar la moción de supresión de evidencia, ello a pesar de que la ilegalidad del arresto consistía en que el mismo fue efectuado por un policía municipal haciendo gestiones de agente encubierto, hecho específicamente prohibido por ley; alegó, además, que el foro primario erró al otorgarle credibilidad al testimonio del policía Lugo Vázquez por haber sido el mismo uno estereotipado.

El foro apelativo intermedio, mediante sentencia emitida el día 11 de abril de 2001, *revocó* la resolución recurrida. En apoyo de tal determinación, dicho tribunal concluyó que el arresto de Cruz Calderón fue ilegal pues, al llevarse a cabo el mismo, el policía municipal Lugo Vázquez se encontraba realizando una labor de investigación criminal so color de autoridad sin su uniforme, encubriendo su identidad, ello en contravención a las disposiciones de la Ley de la Policía Municipal que prohíben que un guardia municipal realice funciones de agente

encubierto.(¹) Sostuvo, además, el foro apelativo interme-
dio que la ronda preventiva que estaba llevando a cabo
Lugo Vázquez el día de los hechos no la estaba realizando
en coordinación con la Policía Estatal, según ello lo ordena
el referido estatuto orgánico. Al así resolver, dispuso que
debido a que la evidencia ocupada a Cruz Calderón fue
producto de un arresto ilegal, el foro primario debió ha-
berla suprimido.(²)

Inconforme con la actuación del Tribunal de Circuito de
Apelaciones, el Procurador General, en representación del
Ministerio Público, acudió en revisión —vía *certiorari*—
ante este Tribunal. Alega el Procurador General que pro-
cede revocar la sentencia emitida por el foro apelativo in-
termedio, debido a que dicho foro incidió

> ... al invalidar un arresto efectuado por un policía municipal
> cuando no está en disputa que un particular hubiese estado
> autorizado a efectuar el arresto, aún cuando el agente, en vio-
> lación al Reglamento de la Policía Municipal, no tuviera
> puesto su uniforme al momento de efectuar el arresto. Petición
> de *certiorari*, pág. 3.

El 15 de junio de 2001, mediante Resolución a tales
efectos, le concedimos al acusado recurrido el término de
veinte (20) días para que compareciera y mostrara causa
por la cual no se debía expedir el recurso radicado por el
Procurador General y dictar Sentencia revocatoria de la
emitida por el Tribunal de Circuito de Apelaciones. Con-
tando con la comparecencia de ambas partes, y estando en
posición de resolver, procedemos a así hacerlo.

---

(¹) Véase, a tales efectos, Art. 3 de la Ley de la Policía Municipal, 21 L.P.R.A.
sec. 1063.

(²) Expresó el Tribunal de Circuito de Apelaciones que debido a que el arresto
del acusado había sido ilegal, no estimó necesario atender el señalamiento de error
referente a si el testimonio de Lugo Vázquez había sido estereotipado o no.

## I

▇ Sabido es que la Sec. 10 del Art. II de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1, establece que sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo el lugar a registrarse y las personas a detenerse. De tales disposiciones se desprende la prohibición de que, de ordinario, se pueda arrestar a alguna persona sin previa orden judicial fundada en una determinación de causa probable. *Pueblo v. Colón Bernier*, 148 D.P.R. 135 (1999); *Pueblo v. Martínez Torres*, 120 D.P.R. 496 (1988); *Pueblo v. Vázquez Méndez*, 117 D.P.R. 170 (1986); *Pueblo v. González Rivera*, 100 D.P.R. 651 (1972). "De este modo se protege la dignidad de las personas, y se interpone la figura imparcial del Juez entre los funcionarios públicos y la ciudadanía para ofrecer una mayor garantía de razonabilidad a la intrusión estatal." *Pueblo v. Colón Bernier*, ante, pág. 141. Véase *E.L.A. v. Coca Cola Bott. Co.*, 115 D.P.R. 197, 207 (1984).

▇ La referida disposición constitucional tiene como objetivo principal proteger la intimidad y dignidad del individuo frente a las actuaciones arbitrarias del Estado. *Pueblo v. Santiago Alicea I*, 138 D.P.R. 230 (1995); *Pueblo en interés menor N.O.R.*, 136 D.P.R. 949 (1994); *Pueblo v. Martínez Torres*, ante. Ello con el propósito de brindar al individuo protección contra todo tipo de detención personal, sea ésta a través de un arresto o cualquier otra clase de intervención con la libertad de movimiento, y contra registros y allanamientos de cualquier propiedad o lugar sobre la cual el individuo tenga cierta expectativa razonable de intimidad. E.L. Chiesa, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1991, T. 1, Sec. 11.5, pág. 280. Véanse: *Pueblo v. Serrano, Serra,*

148 D.P.R. 173 (1999); *Pueblo v. Blase Vázquez*, 148 D.P.R. 618 (1999); *Pueblo v. Yip Berríos*, 142 D.P.R. 386, 397 (1997); Chiesa, ante, pág. 283; O.E. Resumil, *Derecho Procesal Penal*, Orford, Equity Publishing Co., 1990, T. 1, Sec. 8.1, págs. 203–204.

■ La protección que ofrece la Constitución contra el arresto irrazonable es tal que si un arresto se realiza sin orden judicial, éste se presume inválido, y compete al Ministerio Público rebatir la presunción de irrazonabilidad mediante la presentación de prueba sobre las circunstancias especiales que requirieron tal intervención por los agentes del orden público. *Pueblo v. Colón Bernier*, ante; *Pueblo v. Rivera Colón*, 128 D.P.R. 672, 681 (1991).

■ La Regla 234 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, es el mecanismo procesal mediante el cual todo ciudadano puede reclamar los derechos que la referida disposición constitucional consagra. *Pueblo v. Blase Vázquez*, ante. Sabido es que el mencionado estatuto dispone que toda persona agraviada por un arresto, y subsiguiente allanamiento o registro ilegal, podrá solicitar del tribunal la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro.

■ Resulta menester advertir que la regla general de que todo arresto válido debe estar precedido por la expedición de una orden judicial encuentra ciertas excepciones establecidas mediante legislación. En conformidad con lo anterior, nuestro ordenamiento procesal penal permite que los agentes del orden público, en ciertas circunstancias, puedan efectuar arrestos y subsiguientes registros sin la expedición de una orden judicial previa. *Pueblo v. Martínez Torres*, ante; *Pueblo v. Malavé González*, 120 D.P.R. 470 (1988).[3]

---

[3] Véanse, además: *Pueblo v. Rivera Rivera*, 117 D.P.R. 283 (1986); *Pueblo v. Vázquez Méndez*, 117 D.P.R. 170 (1986); *Pueblo v. Del Río*, 113 D.P.R. 684 (1982); *Pueblo v. Alcalá Fernández*, 109 D.P.R. 326 (1980).

■ La Regla 11 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone que puede efectuarse un arresto *sin* orden judicial, *por un funcionario del orden público*, cuando: (a) dicho funcionario tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito en su presencia; (b) la persona arrestada hubiese cometido un delito grave *(felony)*, aunque no en su presencia, y (c) tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito grave *(felony)*, independientemente de que dicho delito se hubiere cometido o no en realidad. *Pueblo v. Serrano, Serra*, ante.

■ Nuestras Reglas de Procedimiento Criminal guardan silencio sobre lo que significa "funcionario del orden público". *Pueblo v. Rosario Igartúa*, 129 D.P.R. 1055 (1992). Ante la ausencia de una disposición estatutaria o reglamentaria aclaratoria a tales efectos, en *Pueblo v. Velazco Bracero*, 128 D.P.R. 180 (1991), establecimos que, con el fin de determinar quién es o quién no es un "funcionario del orden público", es menester evaluar si a ese funcionario se le ha otorgado autoridad por ley para efectuar arrestos en el desempeño de sus funciones.

> Conforme a las circunstancias particulares del país y las instituciones creadas para garantizar la seguridad interna, siempre se ha considerado que los miembros de la Policía de Puerto Rico son oficiales o funcionarios del orden público. *Pueblo v. Velazco Bracero*, ante, pág. 189.

Ciertamente éstos son los funcionarios que ostentan la *obligación principal* de velar por la protección de los ciudadanos de Puerto Rico y su propiedad, estando además encargados de mantener y conservar el orden público. Art. 3 de la Ley de la Policía de Puerto Rico de 1996, Ley Núm. 53 de 10 de junio de 1996 (25 L.P.R.A. sec. 3102). De ordinario, son los miembros de la Policía de Puerto Rico los funcionarios del orden público a quienes cobija lo dispuesto por la citada Regla 11 de Procedimiento Criminal.

■ Ello no obstante, la Asamblea Legislativa se ha encargado de crear otros cuerpos policiales, con funciones análogas a las de la Policía de Puerto Rico, esto con el propósito de proveer seguridad a ciertos sectores del país. Haciendo referencia a los casos particulares en que la Legislatura ha extendido y concedido a otros funcionarios la facultad para arrestar, en *Pueblo v. Velazco Bracero*, ante, pág. 189, expresamos que "[m]ediante leyes especiales se ha otorgado a esos funcionarios, *bajo las circunstancias descritas en cada uno de los estatutos, autoridad para efectuar arrestos en el desempeño de sus funciones*". (Énfasis en el original.) Véase *Pueblo v. Andino Tosas*, 141 D.P.R. 652, 657 (1996).

■ Dentro de tales cuerpos policiales especiales, creados mediante legislación, se encuentran precisamente los *guardias municipales*. Así, la propia Ley de la Policía Municipal dispone sobre la facultad que a éstos se les ha otorgado para efectuar arrestos en el desempeño de sus deberes:

> No obstante lo dispuesto en el art. 10 de la Ley de Agosto 22, 1974, Núm. 26, Parte 2, cualquier municipio podrá establecer un cuerpo de vigilancia y protección pública que se denominará "Policía Municipal", *cuya obligación será* compeler la obediencia a las ordenanzas y reglamentos promulgados por el municipio correspondiente, a las disposiciones sobre estacionamiento ilegal de vehículos *y prevenir, descubrir y perseguir los delitos que se cometan en su presencia dentro de los límites jurisdiccionales del municipio correspondiente*, o aún fuera de éstos cuando sea necesario para culminar una intervención iniciada en el municipio de su jurisdicción. (Énfasis suplido.) 21 L.P.R.A. sec. 1063.

Por otra parte, en la sección referente a los poderes y responsabilidades asignados a los miembros de la Policía Municipal, se dispone además que, fuera de los deberes que se le impongan en virtud de otras leyes, el Cuerpo de la Policía Municipal tendrá, dentro de los límites territo-

riales del municipio correspondiente, las siguientes obligaciones:

(a) Cumplir y hacer cumplir la ley, proteger la vida y la propiedad de los ciudadanos, velar por la seguridad y el orden público, *prevenir la comisión de actos delictivos y perseguir los delitos que se cometan en su presencia* y aquellos que se le sometan por información y por creencia en coordinación con la Policía Estatal. (Énfasis suplido.) 21 L.P.R.A. sec. 1066(a).

Las antes transcritas disposiciones de la Ley de la Policía Municipal nos llevaron a expresar, en *Pueblo v. Andino Tosas*, ante, pág. 658, que la facultad para arrestar de los guardias municipales estaba circunscrita, por ley, "a circunstancias más limitadas" a las establecidas en la Regla 11 de Procedimiento Criminal, ante. De hecho, una lectura de dichas disposiciones de ley revela que la facultad de arrestar de los guardias municipales es similar a aquella que el inciso (a) de la Regla 12 de Procedimiento Criminal le concede a los ciudadanos particulares. 34 L.P.R.A. Ap. II.

En relación con los hechos específicos del caso que hoy ocupa nuestra atención, resulta pertinente enfatizar que la Sec. 1063 de la Ley de la Policía Municipal, ante, dispone, además, que:

Las funciones de investigación especializada serán de competencia exclusiva de la Unidades de la Policía Estatal, el Departamento de Justicia u otras agencias y el Gobierno federal. *Disponiéndose, que bajo ningún concepto la Policía Municipal podrá crear unidades de agentes encubiertos para el desempeño de los deberes y obligaciones que este capítulo le impone.* Los poderes y facultades adjudicados a la Policía Municipal no restringen los poderes y obligaciones de la Policía de Puerto Rico, por lo que en casos de conflicto de jurisdicción o competencia, siempre prevalecerá la Policía Estatal. (Énfasis suplido.)

Por otro lado, y en relación con patrullajes preventivos, la referida ley dispone que los miembros de la Policía Municipal tendrán el poder y responsabilidad de "[e]stablecer, *en coordinación con la Policía Estatal*, un servicio de pa-

trullaje preventivo". (Énfasis suplido.) 21 L.P.R.A. sec. 1066(e).

## II

No tenemos duda alguna sobre el hecho de que el Tribunal de Circuito de Apelaciones erró al ordenar la supresión de la evidencia ocupada en el presente caso, razón por la cual procede decretar la revocación de la sentencia a esos efectos emitida por el referido foro apelativo intermedio.

Como surge de la relación de los hechos, el fundamento utilizado por el Tribunal de Circuito de Apelaciones en apoyo de su errónea determinación fue a los efectos de que la actuación o conducta observada por el guardia municipal Lugo Vázquez —al actuar, alegadamente, como "agente encubierto" y al llevar a cabo una ronda preventiva sin que la misma hubiese sido coordinada antes con la Policía de Puerto Rico— infringió dos (2) disposiciones de la Ley de la Policía Municipal, a saber, las antes transcritas Secs. 3 y 6(e) de la referida ley.

¿Actuó el guardia municipal Lugo Vázquez, el día 26 de agosto de 2000, como un "agente encubierto" por el mero hecho de vestir de civil? *Contestamos en la negativa.*

Un "agente encubierto", tradicionalmente, es un policía o funcionario que se infiltra en organizaciones o grupos de personas que operan ilegalmente en el clandestinaje, con el propósito de poder llevar a éstos ante el sistema de justicia de nuestro País para que respondan por sus actividades ilegales, lo cual logra hacer el agente ganándose la confianza de estas personas, haciéndoles creer que es uno de ellos, proceso que, de ordinario, toma al agente un considerable período de tiempo.

A nuestra manera de ver las cosas, el mero hecho de que el día de los hechos el guardia municipal Lugo Vázquez, en lugar de llevar puesto su uniforme, vistiera de civil *no* convirtió a éste, ipso facto, en un "agente encubierto".

De todas formas, lo que la antes citada Sec. 3 de la Ley de la Policía Municipal prohíbe es que estos cuerpos creen *"unidades* de agentes encubiertos para el desempeño de los deberes y obligaciones" que dicha ley le impone. (Énfasis suplido.) Esa ciertamente *no* es la situación del caso de autos.

 Resulta igualmente errónea, por otro lado, la determinación del Tribunal de Circuito de Apelaciones respecto a que la conducta del guardia municipal Lugo Vázquez infringió las disposiciones de la Sec. 6(e) de la Ley de la Policía Municipal, ante, la cual establece que dichos cuerpos podrán establecer "servicio de patrullaje preventivo" únicamente "en coordinación con la Policía Estatal". Entendió el foro apelativo intermedio que la llamada "ronda preventiva" que realizó Lugo Vázquez en el residencial público violó dicha prohibición ya que no fue realizada en coordinación con la Policía Estatal.

Somos del criterio que dicha disposición de ley obviamente se refiere a *programas, servicios* o *planes* de patrullaje a corto, o largo, plazo que haga la policía de determinado municipio en ciertos y determinados sectores del mismo. Ciertamente dicha disposición legal *no* puede referirse a lo acontecido en el presente caso. Aquí meramente se trata de la *acción aislada* de un guardia municipal que entendió que era más factible que él pudiera descubrir qué personas eran las responsables de la comisión de varios escalamientos si llevaba a cabo una ronda, o *caminata*, vestido de civil por el residencial público. Ello *no* cualifica como un "servicio de patrullaje preventivo" del que habla la ley.

Resulta procedente señalar que la conclusión a la que llegamos, esto es, de que *no* procede la supresión de la evidencia ocupada el día de los hechos por el guardia municipal, se sostiene aun cuando considceráramos que la conducta o acción del mencionado guardia municipal violó el

"espíritu" de las dos (2) antes mencionadas disposiciones de la Ley de la Policía Municipal.

 Nuestra jurisprudencia ha sido clara a los efectos de que cuando a un "agente o policía", a quien no le ha sido delegada, o no tiene, la facultad para efectuar arrestos en calidad de "funcionario del orden público", efectúa un arresto, las circunstancias alrededor de las cuales él efectuó el mismo se deben evaluar con el propósito de determinar si dicho arresto procedía al amparo de las disposiciones que regulan el arresto por un ciudadano particular. *Pueblo v. Andino Tosas*, ante.[4]

 La Regla 12 de Procedimiento Criminal, ante, establece que una persona o ciudadano particular podrá arrestar a otra en las siguientes dos (2) situaciones: (a) por un delito cometido o que se hubiere intentado cometer en su presencia, en cuyo caso, el arresto deberá hacerse inmediatamente; (b) cuando en realidad se hubiere cometido un delito grave (*felony*) y dicha persona tuviere motivos fundados para creer que la persona arrestada lo cometió.

 Los requisitos exigidos y los criterios que facultan al ciudadano particular a arrestar son mucho más estrictos que los establecidos por la citada Regla 11 de Procedimiento Criminal. Las diferencias con los parámetros establecidos para el funcionario que arresta por delito cometido en su presencia son evidentes, ya que bajo el inciso (a) de la Regla 12 se requiere certeza de la comisión de un delito consumado o en grado de tentativa. Resumil, ante, Sec. 7.12, pág. 180. No se utiliza el criterio de "motivos fundados" para creer que se ha cometido o se intenta cometer un delito en su presencia, sino que "el criterio para arrestar bajo esta situación requiere de la convicción por

---

[4] "En Puerto Rico, los funcionarios públicos sólo pueden realizar arrestos sin orden judicial en aquellas instancias en que la ley les conceda expresamente dicha facultad. *De no existir tal facultad*, el funcionario no posee mayor poder para el arresto del que tiene cualquier ciudadano particular." (Énfasis suplido.) *Pueblo v. Andino Tosas*, ante, pág. 656.

parte del arrestante de que ha presenciado la comisión de una conducta delictiva". Íd. Ciertamente esta disposición es mucho más rigurosa que su equivalente en el caso de un funcionario público que efectúe un arresto sin orden en virtud de la citada Regla 11. D. Nevares-Muñiz, *Sumario de derecho procesal penal puertorriqueño*, 6ta ed. rev., San Juan, Ed. Inst. Desarrollo del Derecho, 2001, Sec. 5.7.

En el presente caso, y conforme la prueba que desfiló ante el tribunal de instancia, *no* está en duda, *ni* se cuestiona, que dicha prueba demuestra que efectivamente se cometió, o se estableció la comisión de, un delito público grave *(felony)* en presencia del guardia municipal Lugo Vázquez; razón por la cual éste estaba plenamente facultado para proceder al arresto del recurrido Cruz Calderón, tanto al amparo de las disposiciones pertinentes de la Ley de la Policía Municipal como de las de la citada Regla 12 de Procedimiento Criminal.[5] Siendo válido el arresto efectuado el día 26 de agosto de 2000 por el guardia municipal Lugo Vázquez, la sustancia controlada por él ocupada como consecuencia del mismo es admisible en evidencia.[6]

En mérito de lo antes expuesto, se expide el auto de *certiorari* radicado por el recurrido Cruz Calderón y se revoca el dictamen del Tribunal de Circuito de Apelaciones, reinstalándose la resolución emitida por el Tribunal de Primera Instancia, devolviéndose el caso a dicho foro judicial para procedimientos ulteriores compatibles con lo aquí resuelto.

*Se dictará sentencia de conformidad.*

---

[5] Tampoco está en duda el hecho de que el policía municipal Lugo Vázquez no actuaba el día de los hechos en forma alguna como parte de una *unidad* de agentes encubiertos, creada por la Policía Municipal de Carolina, *lo cual está expresamente prohibido por la Sec. 3 antes transcrita de la Ley de la Policía Municipal.*

[6] No discutimos, *por inmeritorio*, el señalamiento a los efectos de que el testimonio del guardia municipal Lugo Vázquez es "estereotipado".