EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Nancy I. Ortiz Irizarry<br><br>Demandante –Peticionaria<br><br>vs.<br><br>Departamento de Transportación y Obras Públicas<br><br>Demandado–Recurrido | Certiorari<br><br>2005 TSPR 35<br><br>163 DPR _____ |

Número del Caso: CC-2003-669

Fecha: 29 de marzo de 2005

Tribunal de Apelaciones:

        Circuito Regional V de Ponce y Aibonito

Juez Ponente:

        Hon. German J. Brau Ramírez

Abogado de la Parte Peticionaria:

        Lcdo. Martín González Vázquez

Oficina del Procurador General:

        Lcda. Janitza Alsina Rivera
        Procuradora General Auxiliar

Materia: Sobre Recurso de Revisión de Boleto Administrativo de Tránsito

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Nancy I. Ortiz Irizarry

   Demandante-Peticionaria

       vs.                    CC-2003-669   Certiorari

Depto. de Transportación
y Obras Públicas

   Demandado-Recurrido

Opinión del Tribunal emitida por el Juez Asociado SEÑOR FUSTER BERLINGERI.

San Juan, Puerto Rico, a 29 de marzo de 2005.

Nos toca dilucidar la validez de la detención del conductor de un vehículo de motor, que no ha cometido delito ni aparente infracción de ley alguna, cuando tal detención se realiza con el único motivo de verificar si dicho conductor y su vehículo tienen las licencias correspondientes.

I.

El 13 de marzo de 2003, en el pueblo de Coamo, Nancy Ortiz Irrizary (en adelante Ortiz) se dirigía a su casa, luego de recoger a su pequeño hijo de la escuela elemental donde estudiaba, cuando fue detenida por el policía Héctor L. González (en

adelante el agente), junto con otros agentes del orden público que lo acompañaban.

Al momento de la detención, Ortiz **no había cometido infracción de ley alguna y tampoco había un bloqueo de carretera**. El agente declaró que la referida intervención fue de naturaleza "rutinaria" para verificar los documentos de la peticionaria. Por su parte, Ortiz testificó que el trato del agente fue brusco, descortés y agresivo, que se puso nerviosa, por lo que cuando el agente le exigió la licencia del vehículo, no pudo localizarla entre los papeles de la guantera, de primera intención, por lo cual, el agente procedió a expedirle un boleto. Además, Ortiz se percató de que había dejado su cartera en su hogar con la licencia de conducir, y así se lo informó al agente, por lo que éste le expidió otro boleto por ello.

Posteriormente, Ortiz localizó la licencia del vehículo en la guantera del vehículo y se lo notificó al agente, pero éste se negó a dejar sin efecto el boleto ya expedido. Dicho proceder fue cuestionado por Ortiz y entonces el agente la amenazó con emitirle otro boleto por no tener a su hijo sujeto con el cinturón de seguridad del vehículo, lo cual no era cierto. Ortiz se marchó del lugar y le informó al agente que se querellaría por el mal trato que había recibido de él. En respuesta a esta manifestación de Ortiz, el agente presentó una denuncia contra ella, imputándole falsamente que Ortiz lo había amenazado. La denuncia fue posteriormente

archivada porque el Tribunal Municipal no encontró causa contra Ortiz.

Así las cosas, Ortiz solicitó la revisión de los boletos referidos ante el Tribunal de Primera Instancia, conforme al procedimiento establecido por la Ley de Vehículos y Tránsito, 9 LPRA sec. 5685 (K). La representación legal de Ortiz planteó que a base de la sección 10.22 de la Ley de Vehículos y Tránsito el agente no tenía motivos suficientes para intervenir con Ortiz y que por lo tanto, la intervención referida había sido ilegal.

El Tribunal de Primera Instancia celebró una vista evidenciaria y, basado en la prueba desfilada, dejó sin efecto el boleto emitido por razón de que Ortiz no tenía la licencia del vehículo, pero declaró sin lugar el recurso de revisión en cuanto al boleto por no tener consigo su licencia de conducir.

Inconforme con dicho dictamen, Ortiz acudió al antiguo Tribunal de Circuito de Apelaciones y planteó otra vez su alegación sobre la ilegalidad de la intervención del agente por carecer de motivos fundados para detenerla. Dicho foro denegó la expedición del recurso y señaló que el Art. 10.22 de la Ley de Vehículos y Tránsito le confería autoridad a los agentes del orden público para llevar a cabo la detención rutinaria de un vehículo de motor con el solo propósito de verificar su "registración". Además, consideró que este tipo de intervención constituía un registro de tipo administrativo, el cual estaba sujeto a exigencias

constitucionales menos rigurosas que las planteadas por Ortiz.

Inconforme con lo anterior, Ortiz acudió ante nos y planteó como único error lo siguiente:

> Erró el Honorable Tribunal de Apelaciones al confirmar la decisión del Tribunal de Primera Instancia que declaró no ha lugar el recurso de revisión de boleto de tránsito presentado por la peticionaria cuando el agente de la policía de Puerto Rico al intervenir con la aquí peticionaria lo hizo sin tener motivo fundado alguno [para] detenerla, ni haber ésta cometido infracción a ley alguna en su presencia, ni ser un bloqueo parcial, lo cual fue admitido por el propio agente interventor al Tribunal de Instancia.

El 27 de octubre de 2003 expedimos el auto solicitado a fin de revisar la sentencia dictada el 30 de mayo de 2003 por el Tribunal Apelativo. El 19 de diciembre de 2003 la peticionaria presentó su alegato y el 8 de marzo de 2004, luego de concedérsele una prórroga para ello, la parte recurrida, por conducto del Procurador General, presentó el suyo. Con la comparecencia de ambas partes pasamos a resolver.

II.

El vigente Art. 10.22 de La Ley de Vehículos y Tránsito del 2000, 9 LPRA sec. 5302 (en adelante la Ley), que también estaba en vigor cuando sucedieron los hechos del caso de autos, dispone:

> Todo conductor de vehículo deberá detenerse inmediatamente cuando un agente del orden, entiéndase Policía, Policía Municipal y Cuerpo de

Vigilantes del Departamento de Recursos Naturales y Ambientales, se lo requiere y **después que le informe el motivo de la detención y las violaciones de ley que aparentemente haya cometido,** vendrá obligado igualmente a identificarse con dicho agente si así éste se lo solicitare, y también deberá mostrarle todos los documentos que de acuerdo con este capitulo y sus reglamentos debe llevar consigo o en el vehículo.

...

Los miembros de la Policía o la Policía Municipal podrán **detener o inspeccionar** cualquier vehículo cuando **a su juicio el mismo estuviere siendo usado en violación de este capítulo o de cualquier otra disposición legal que reglamente la operación de vehículos u otras leyes** o cuando estuviere su conductor u ocupantes relacionados con cualquier accidente de tránsito. A tales fines, estarán autorizados para bloquear el paso de dicho vehículo en cualquier vía pública cuando el conductor del mismo se negare a detenerse.

...

Ninguna persona podrá voluntariamente desobedecer o negarse a cumplir una indicación u orden legal **que se imparta en la forma dispuesta en esta sección** por un agente del orden público con autoridad legal para dirigir; controlar o regular el tránsito. (énfasis suplido)

El referido Artículo le concede autoridad a un agente de orden público para detener a un vehículo que transita por la vía pública. Sin embargo, como puede observarse, la propia ley requiere que para que pueda realizarse dicha detención deben **existir motivos** para ello. De acuerdo a la Ley es necesario que se den dos circunstancias para que un agente pueda llevar a cabo la detención de un vehículo: **1) que el conductor haya cometido algún tipo de violación a la ley; 2) que el agente le informe al conductor el motivo de la detención y las violaciones de ley cometidas.** El

conductor del vehículo, por su parte, deberá detenerse inmediatamente y, **solamente, después que se le haya informado el motivo de la detención y las violaciones cometidas, vendrá obligado a identificarse, si el agente así lo requiere.**

Es decir, en nuestra jurisdicción, el estatuto que autoriza a la policía a detener al conductor de un vehículo condiciona dicho acto a que <u>existan motivos</u> para ello. El agente debe tener como mínimo un motivo[1] o sospecha individualizada de que el conductor ha infringido una ley de tránsito u otra disposición legal, y así debe informárselo a dicho conductor. De lo contrario, no puede detenerlo.

En vista del claro lenguaje del Art. 10.22 de la Ley, no es necesario hacer referencia a las exigencias constitucionales relativas a detenciones personales que surgen al amparo de la Sección 10 del Art. II de nuestra Ley Fundamental, que protegen a la persona contra cualquier clase de intervención con la libertad de movimiento o con el derecho a la intimidad, y que se extienden incluso a los vehículos de motor. Véase, <u>Pueblo v. Cruz Calderón</u>, res. el 16 de enero de 2002, 156 D.P.R. ___ (2002), 2002 TSPR 5, 2002 JTS 11; <u>Pueblo v. Malavé</u>, 120 D.P.R. 470 (1988). Sin embargo, por razón de lo que indicaremos más adelante,

---

[1] El concepto de "motivos fundados" se ha definido en nuestra jurisprudencia como aquella información y conocimiento que lleva a una persona ordinaria y prudente a creer que la persona intervenida ha cometido un delito, independientemente de que luego se establezca o no la comisión del delito. <u>Pueblo v. Bonilla</u>, 149 D.P.R. 318, 337 (1999), citando a <u>Pueblo v. Martínez Torres</u>, 120 D.P.R. 496, 504 (1988).

queremos hacer una breve referencia *in passim* a <u>Delaware v. Prouse</u>, 440 U.S. 648 (1979), en el cual el Tribunal Supremo de Estados Unidos resolvió un caso similar al que ahora nos ocupa. En dicho caso un agente de orden público detuvo a Prouse y encontró marihuana a plena vista en el piso del vehículo. Prouse fue acusado de posesión ilegal de sustancias controladas. El agente testificó que la **única razón que tuvo para detener a Prouse fue verificar su licencia de conducir y la licencia del vehículo y que antes de detenerlo no había observado ninguna actividad delictiva ni violaciones de tránsito.** El Tribunal Supremo federal concluyó que, excepto en aquellas situaciones donde exista como mínimo una **<u>sospecha razonable</u>** de que un conductor no posee licencia de conducir o de que su auto no está registrado, o que ha violado alguna ley, la detención del conductor del vehículo sólo para verificar su licencia de conducir y la del vehículo es irrazonable bajo la Cuarta Enmienda de la Constitución de Estados Unidos.

## III.

A la luz de lo dispuesto claramente en el Art. 10.22 de la Ley de Vehículos y Tránsito de 2000, es evidente que en la situación particular sometida a nuestra consideración, no existían motivos para detener a la conductora del vehículo; y por lo tanto, cualquier falta que haya resultado de dicha intervención ilegal no podía ser utilizada en su contra. El propio agente policíaco testificó que no tenía motivo

alguno para detener a Ortiz, salvo el de realizar un registro rutinario para verificar sus documentos. Es decir, el agente no tenía motivos fundados para creer que hubiese cometido o estuviera en vías de cometer algún delito. Tal detención está prohibida estatutariamente, de modo patentemente claro.

En efecto, el propio Estado, representado aquí por el Procurador General de Puerto Rico, se ha allanado a la posición presentada por Ortiz. En su escrito ante nos, el Procurador General nos ha manifestado su parecer de que el boleto de tránsito del caso de autos debió ser anulado, debido a que el agente no procedió conforme a derecho al expedirlo pues no tenía motivo alguno para detener a Ortiz, según lo dispuesto por el Art. 10.22 de la Ley de Vehículos y Tránsito y **lo resuelto en <u>Delaware v. Prouse</u>**, *supra*.

En virtud de lo anterior, resolvemos que el agente no tenía autorización para detener a Ortiz, por lo que erraron los foros inferiores al validar dicha detención.

Por los fundamentos expuestos se dictará sentencia para revocar los dictámenes del foro apelativo y del foro de instancia en este caso.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Nancy I. Ortiz Irizarry

   Demandante-Peticionaria

      vs.                    CC-2003-669     Certiorari

Depto. de Transportación
y Obras Públicas

   Demandado-Recurrido

SENTENCIA

San Juan, Puerto Rico, a 29 de marzo de 2005.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revocan los dictámenes del Tribunal de Circuito de Apelaciones y del Tribunal de Primera Instancia en este caso.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López concurre en el resultado sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo