Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ROLANDO RUIZ LÓPEZ<br><br>Peticionario | TA2026CE00151 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Sobre: Ley de Sustancias Controladas<br><br>Caso Núm. ISCR202500268 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

**Domínguez Irizarry, Juez Ponente**

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de marzo de 2026.

Comparece ante nos el peticionario, Rolando Ruiz López (en adelante, peticionario), y nos solicita la revisión de la *Resolución* emitida el 8 de enero de 2026, por el Tribunal de Primera Instancia, Sala de Mayagüez. Mediante esta, el Foro Primario declaró *No Ha Lugar* a solicitud de supresión de evidencia promovida por el peticionario dentro de un caso criminal proseguido en su contra, por dos (2) infracciones al Artículo 404 (a) de la *Ley de Sustancias Controladas de Puerto Rico*, Ley Núm. 4 de 23 de junio de 1971, según enmendada, 24 LPRA sec. 2404, y una (1) infracción al Artículo 412 del antedicho estatuto, 24 LPRA sec. 2412.

Por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de *Certiorari*.

### I

Por hechos ocurridos el 2 de octubre de 2024, se acusó al peticionario por los delitos de epígrafe.[1] En esencia, se le imputó, de forma ilegal, voluntaria, maliciosa, a sabiendas y con intención

---

[1] Apéndice del recurso, Entradas Núm. 6-8.

criminal, poseer marihuana y cocaína, en su modalidad de *crack*, así como parafernalia, consistente en una pipa de cristal comúnmente utilizada para fumar sustancias controladas.

Tras acontecidos los trámites de rigor, el 7 de agosto de 2025, el peticionario presentó una *Moción de Supresión de Evidencia al Amparo de la Regla 234 de las de Procedimiento Criminal.*[2] En su escrito, alegó que la Policía de Puerto Rico llevó a cabo un registro sin orden judicial sobre la persona del peticionario, en violación al Artículo II, Sección 10, de la Constitución de Puerto Rico, LPRA, Tomo 1. Planteó que, como producto de dicha intervención, se ocupó cierta evidencia que fue utilizada en su contra, entiéndase, un (1) envase con picadura de marihuana, dos (2) bolsitas plásticas con cocaína y un (1) tubo o pipa.

Posteriormente, el 27 de agosto de 2025, el Ministerio Público presentó su oposición a la solicitud de supresión de evidencia.[3] En la misma, sostuvo que el peticionario no cumplió con los requisitos establecidos en la Regla 234 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 234, ya que en su escrito no adujo hechos o fundamentos que reflejaran la ilegalidad o irrazonabilidad del registro en controversia. Igualmente, arguyó que el peticionario no albergaba expectativa razonable de intimidad, ya que el agente Christian Moyá Barbosa (en adelante, agente Moyá Barbosa) llevó a cabo el registro en cuestión en una estructura abandonada, sin paredes ni techo, en el desempeño de sus funciones, así como que percibió la evidencia en controversia a simple vista.

Así las cosas, el 17 de diciembre de 2025, el Foro Primario celebró la vista de supresión de evidencia. Durante esta, se presentó como prueba el testimonio del agente Moyá Barbosa, así como una

---

[2] *Íd.*, Entrada Núm. 9.
[3] *Íd.*, Entrada Núm. 10.

certificación de un análisis químico, fotografías del lugar de los hechos y la evidencia ocupada.

Luego de evaluar los argumentos de las partes y la prueba presentada, el 8 de enero de 2026, el Tribunal de Primera Instancia emitió la *Resolución* recurrida.[4] En lo pertinente, surge del dictamen recurrido que el agente Moyá Barbosa testificó que, el día de los hechos, se dirigió a la calle Tablón, en Mayagüez, en donde había un reconocido punto de ventas de sustancias controladas.[5] Declaró que entró a una estructura abandonada, en donde observó al peticionario, quien tenía una pipa de color negro en su mano derecha, y una bolsa plástica, en su muslo derecho, con lo que aparentaba ser cocaína en su modalidad de *crack*. El agente Moyá Barbosa indicó que procedió a arrestar al peticionario, y que, como producto del registro incidental al arresto, encontró dos (2) potes cilíndricos, uno contenía picadura de marihuana, y el otro, cocaína en su modalidad de *crack*.

Al analizar los hechos con el derecho aplicable, el Foro *a quo* concluyó que no era indispensable la orden judicial previa al referido registro, ya que el peticionario no tenía una expectativa razonable de intimidad en la propiedad en la que fue intervenido. Razonó que el lugar de los hechos era una estructura abandonada o desocupada, pues no tenía techo, paredes, contador de agua y luz, enseres, ni muebles, así como que el estado de la vegetación era amplia, robusta y vasta. Tampoco se observó la existencia de barreras en las aberturas visibles de la propiedad, por lo que había certeza de que la misma no estaba habitada. De la misma forma, el Foro Primario concluyó que la intervención del agente Moyá Barbosa consistió en una de las situaciones excepcionales en las que no es requisito una orden judicial previa al registro, pues la prueba

---

[4] *Íd.*, Entrada Núm. 2.
[5] *Íd.*, Entrada Núm. 2, págs. 2-4.

ocupada se encontró a plena vista. De este modo, el Tribunal de Primera Instancia declaró *No Ha Lugar* la moción de supresión de evidencia presentada por el peticionario.

Inconforme, el 9 de febrero de 2026, el peticionario presentó un recurso de *Certiorari* ante nos. En el mismo, señaló la comisión del siguiente error:

> Err[ó] el Honorable Tribunal de Instancia al determinar que en el presente caso es de aplicación la doctrina de evidencia a plena vista y que se cumplieron los requisitos necesario[s] para su implementación.

Por su parte, el 19 de febrero de 2025, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico, presentó su oposición al recurso.

Luego de examinar el expediente de autos, y con el beneficio de la comparecencia de ambas partes, estamos en posición de disponer del asunto ante nuestra consideración.

**II**

**A**

De otro lado, el Artículo II, Sección 10, de la Constitución de Puerto Rico, dispone que:

> No se violará el derecho del pueblo a la protección de sus personas, casas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables [...]
>
> Sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación...
>
> Evidencia obtenida en violación de esta sección será inadmisible en los tribunales.
>
> Art. II, Sec. 10, Const. ELA, LPRA, Tomo 1.

Para activar la protección constitucional contra registros y allanamientos irrazonables se requiere gozar de una expectativa razonable de intimidad y una actuación arbitraria e irrazonable del Estado en la ejecución del registro o allanamiento. *Pueblo v. Apolinar Rondón*, 2025 TSPR 113, 216 DPR __ (2025); *Pueblo v. López Colón*, 200 DPR 273, 307 (2018); *Pueblo v. Bonilla*, 149 DPR 318, 329

(1999). Nuestro más Alto Foro judicial ha mencionado que el arresto o registro sin orden judicial ha de presumirse inválido, y el Ministerio Público tendrá la carga de rebatir tal presunción probando las circunstancias especiales que dieron paso a la intervención de los agentes del orden público. *Pueblo v. Álvarez de Jesús*, 214 DPR 753, 769 (2024); *Pueblo v. López Colón,* supra, pág. 307; *Pueblo v. Cruz Calderón,* 156 DPR 61, 69 (2002). Sin embargo, la norma anterior no es absoluta, puesto que existen ciertas circunstancias excepcionales que ameritan arrestos o incautaciones sin orden debidamente cobijadas por nuestra Constitución. *Pueblo v. Báez López,* 189 DPR 918, 930-931 (2013); *Pueblo v. Cruz Torres,* 137 DPR 42, 47 (1994); *Pueblo v. Castro Rosario,* 125 DPR 164, 169 (1990); *Pueblo v. González Rivera,* 100 DPR 651, 654 (1972). Algunas son: los registros incidentales a un arresto válido; los registros en los que ha mediado consentimiento o una renuncia a la garantía constitucional; la ocupación de evidencia que se encuentra a simple vista o ha sido abandonada o arrojada; los registros de una estructura abandonada; los registros tipo inventario y los registros realizados en circunstancias de emergencia. *Pueblo v. Álvarez De Jesús,* supra, pág. 769; *Pueblo v. Báez López,* supra, págs. 930-931; *Pueblo v. Blase Vázquez,* 148 DPR 618, 631-632 esc. 9 (1999); *Pueblo v. Miranda Alvarado,* 143 DPR 356, 363 esc. 3 (1997.

**B**

Por otra parte, el auto de *certiorari,* 32 LPRA sec. 3491 *et seq.*, es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Pueblo v. Guadalupe Rivera,* 206 DPR 616, 632 (2021); *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009). Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de

expedir el auto de *certiorari* de manera discrecional. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 596 (2011).

Para determinar si procede la expedición de un recurso de certiorari, debemos acudir a lo dispuesto por la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 216 DPR __ (2025), en el cual establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari.* Esta Regla dispone lo que sigue a continuación:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

### III

En el presente caso, el peticionario aduce que erró el Tribunal de Primera Instancia al denegar la solicitud de supresión de evidencia, puesto que, a su entender, no se cumplió con los

requisitos para aplicar la doctrina de evidencia ocupada a plena vista. En específico, sostuvo que la evidencia en controversia no se descubrió por estar a simple vista, sino en el transcurso de un registro sin orden judicial. Examinado el presente recurso, así como el derecho aplicable, resolvemos que no concurre criterio alguno que amerite que impongamos nuestras facultades sobre lo resuelto por el Tribunal de Primera Instancia.

Nada en el caso que atendemos sugiere que, en el ejercicio de sus funciones adjudicativas sobre la solicitud de supresión promovida por el peticionario, el Foro Primario haya incurrido en error o en abuso de discreción, ello a fin de suprimir la norma de abstención judicial que, en dictámenes como el de autos, regula nuestras funciones. A nuestro juicio, la *Resolución* recurrida obedece al sano empleo del criterio del Juzgador para disponer del asunto sometido a su escrutinio, ello conforme al derecho aplicable.

Precisa destacar que este Foro no cuenta con la transcripción de los procedimientos, por lo que debemos asumir como correctas las determinaciones de hechos esbozadas por el Foro recurrido en su dictamen. Siendo así, por no estar presentes los criterios estatuidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto solicitado

**IV**

Por los fundamentos antes esbozados, *se deniega* la expedición del recurso de *Certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones